ON MOTION FOR REHEARING
Liberty in its motion for rehearing contends that our opinion is erroneous in that it is based on “waiver” which was not pleaded and which, if pleaded, merely presents an issue of fact. These contentions are incorrect here for several reasons.
We did say that Liberty “waived” its right to terminate the lease for nonpayment of rents by claiming and accepting 100% of the delinquent rents for the period of *450 default rather than claiming a lesser amount which it would have been entitled to had the lease been terminated. This may have been a loose use of the word “waived.” See 21 Tex.Jur.2d, Election of Remedies, Sec. 3, p. 198.
What we held was that Liberty faced with the option of declaring the lease forfeited for nonpayment of rents and claiming liquidated damages as provided therein or continuing the lease in effect and become entitled to 100% of the rents, elected as between these substantive rights and chose the latter course. The result of this election was to lose, give up, surrender or “waive” its alternative right.
No issue of fact is presented regarding the election of Liberty to collect 100% of the delinquent rents. It wrote a letter demanding these rents. It sued for them. It obtained a judgment for them. It accepted satisfaction of this judgment. Factually and judicially Liberty is bound by the election it made. The election of Liberty being reflected by its own pleading, it was not incumbent on Newsom to plead such election.
Even if the pleadings of Newsom are defective, this is immaterial under Rule 67, Texas Rules of Civil Procedure. See Texas Reserve Life Insurance Co. v. Security Title Co., 352 S.W.2d 347, Tex.Civ.App., San Antonio, writ ref. n. r. e., where it is held issues of waiver and ratification, not pleaded, were tried by consent, no objection being made, and that since the evidence establishing ratification and waiver were undisputed, no issues thereon were required to be submitted to the jury and the provisions of Rule 279, T.R.C.P., were inapplicable.
The motion is overruled.
Motion overruled.